The opinion of the Court was delivered by
Johnson, J.
It has not been denied in the argument, and numerous authorities prove, that an alteration.in a bill of exchange, or” promissory note, in a material part, without the consent of the drawer, will discharge *62 him from all liability on it. (Chitty on Bills, 85.) The due bill, in this case, as it originally stood, without the words, or order, was not negotiable, either by the custom of merchants or the statute of Ann. And that the negotiability of a paper, in mercantile transactions, is material and important, will not be questioned.
Tepoon and White, for motion. Cross, contra
But it has been suggested, that even with the words, or order, the bill not negotiable, not being a promissory note, within the statute of Ann ; and that, therefore, the alteration was immaterial, as it did not change the nature and character of the writing. No precise form of words is necessary to constitute a promissory note ;[1] it is sufficient if it amount to a promise or undertaking to pay unconditionally. A “ promise to account with J. S. or order “ I acknowledge myself indebted to A. & Co., to be paid on demand,” have been held to be promissory notes, within the meaning of the statute of Ann. (1 Selwyn’s N. P. 395.) It appears to me impossible to distinguish the present case from the last. The word due, is clearly an acknowledgment of a- subsisting debt, and the words, payable on demand, necessarily imply a promise to pay.
I am, therefore, of opinion that the motion for a new trial ought to prevail.
Nott, Ooecock, Cheyes and Gantt, JJ., concurred.

 See 2 Bail. 359.